The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and time will be as allotted to counsel. The first case today is United States v. Ricardo Rivera-Ortiz, appeal number 191100. Good morning. I'm Judge Howard and with me are Judges Thompson and Lopez this morning and Mr. Gonzalez you may begin when you are ready. Your Honor, I would like to reserve two minutes out of the ten minutes for rebuttal. Yes. Thank you. This case is a odd case for a fraud case because Mr. Ricardo Rivera was not hiding. He was openly working as a volunteer for the Union handling some cases with EEO complaints that involved fellow Union members. He was not getting paid for that. He also was doing in 2013 he was hired by the Union to work as a an election officer and he signed a contract for that effect. In this case we have three issues that we brought to the court. The first issue being the motion in limine that was granted by the trial judge preventing us from addressing issues that regarded the knowledge and intent of Mr. Rivera with regards to the filling of the forms and his actions. Then we had the rule 29 which has was an insufficiency motion based on the lack of knowledge and intent by Mr. Rivera to do or break any laws and then finally there's a sentencing issue which we will leave for the end if we have time. As to the motion in limine, most of the times both cases present their case and the jury has a chance to balance them and determine what what they're going to determine. In this case the issue of if Mr. Ricardo Rivera provided knowledge to his employers that he was able to... Counselor, excuse me, on this issue which I agree is quite important, even if there were officials in the relevant agency that knew he was doing some volunteer work what why does that, focusing for example on the material misstatement issue, what does that in any way again alter his obligation to disclose on those forms, for example the volunteer work that he's doing or if he's getting compensated? I don't think it matters. Why does why does that in any way again alter his obligation to fill out those forms truthfully and fully? It does not alter his obligation but it that was contrary to what he was supposed to make. For example the forms and that's exhibits 20, 22, and 28 as to volunteer work if they state, report any volunteer work including volunteer work for which any form of monetary or in-kind compensation was received. He answered no. The explanation given by OWCP expert was that he had to say yes even if he wasn't getting monetary compensation but the form specifically talks about monetary compensation the same with and that's part B of that form. But the form says volunteer including so it's trying to be specific that it's that's one of the items that have to be included but volunteer work is broad and expansive. That is correct. That word including might expand it but we're talking about Mr. Ricardo Rivera's state of mind. Did knowingly and intentionally or willfully try to lie to them about his benefits and that's where we submit that the evidence was overwhelming that he was not trying to hide from them at all because he was meeting with them with the members of the management of the US Postal Service in this district working with them. Counselor is there is there evidence in the record that suggests that the people who you're saying knew he was doing volunteer work are the same people who would be aware of what the requirements were for this benefits program? I believe so your honor. There was a testimony by one Delgado one of the supervisors and in the record I believe that there are communications between Mr. Delgado and Mr. Ricardo Rivera where Mr. Delgado is asking him to come in the system with some of the EEO complaints that were filed by the Union against the Postal Service so they were very well aware that he was working in the EEO complaints. Also are you saying that Mr. Delgado was responsible for approving the benefits that Mr. Rivera received? No he was not. He was just responsible for also notifying the OWCP if he realized that Mr. Rivera was working which he did because they worked together resolving some EEO complaints that Mr. Rivera handled. So the obligation was on both sides. That does not excuse Mr. Rivera's failure to comply. The form itself is not clear enough as to what his obligations were because he talks about he got injured as a mechanic. We're not talking about somebody who does EEO compensations. He does EEO assistance for workers as a union rep but in his own EEO complaints he handled them himself. He is not an expert on disability. He is but in 2005 when he filled out the forms he disclosed that he was doing this volunteer work and in 2005 then his claim for compensation was denied because he was doing this other work. In 2007 even though he was continuing to do that same kind of work he did not disclose it then and he was successful in his claim. Doesn't that, that's a fair account of the evidence. I think that's what the government says the evidence is. Doesn't that suggest that he knowing that he was unsuccessful before he withheld it he withheld information so he would be successful and he was and that's how he could he continued to do it thereafter. Doesn't that say a lot about his intent in not providing this information? You can read into it what you just said but you can also read into it that he simply put he was a union president and he was doing some work as a clerical but he did not hide from anybody the fact that he was doing the work. Ultimately this goes and that's 2005 ultimately we go to the to the charges which was our 2010 11 12 and 13 at the at the interview by the undercover agent he flat-out told her look I think I can work look I think I can do this look I think I can do that for purposes of his mental state that's the problem with the court's order that avoided prevented us from developing the fact that he was not hiding because that goes directly to his mental state and that also goes directly to the rule 29 which is the insufficiency of the evidence as to a mental state that would require a conviction his mental state was I can work even though every doctor told him he can't work and it's permanently totally disabled and considering that the government dismissed all those counts on that he was lying about his disability so the government by that means accepted that he was permanently totally disabled mr. Ricardo Rivera had the urge to work to be useful and he would force himself as testified to by the president of the Union that he would show up to work and they had to send him home that he would come in with mr. good mr. Gonzalez I just have one question I would like to ask you if I with respect to the motion in lemonade did you make a proffer and if you did what what was the extent of the proffer regarding whether mr. Delgado in fact notified OWCP on Rivera's behalf no we could not make a proffer on on that because we were not allowed I'm sorry we do have emails from mr. Delgado to Ricardo Rivera we have no emails from Juan Delgado to OWCP notifying yeah that was my question thank you the other judges have any additional questions oh all right thank you you've reserved some time thank you sir and we'll hear from mr. Coleman good morning your honors and may it please the court my name is Robert Coleman I represent the United States turning first to the motion eliminate issue I just want to clarify that there is a distinction between the appellant was working with or working for that evidence was excluded by the motion in lemonade but as to the openness with which appellant was working that evidence was put in front of the jury there were pictures of a palette working there was testimony as to who he was working with and that in a closing argument that would that argument was made by a palette that because he was so open that undermines the alleged mens rea that the government indicated he had in order to commit the crimes as to the obligations of others that evidence is simply irrelevant and that justifies the district judges determination to exclude that evidence but even if it did have some marginal relevance that would be outweighed by the potential to confuse the jury because you'd be introducing evidence as to the obligations of others the potential fault of others which distracts from the primary issue here which is really whether the appellant was guilty of the crimes as alleged counsel assuming I thought defense counsel was pretty clear and saying we're not trying to argue that somehow the negligence of government officials was a defense for us we're not trying to say that they did not do the job they should have done in light of their awareness of the work that he was doing they insisted they just wanted to bring this evidence in on his again on his state of mind his his mens rea that he wasn't he was open about this issue as you said so he wasn't trying to defraud anybody if he was trying to defraud he would have tried to conceal it but it wasn't doing that what isn't there why isn't that evidence of his openness with government officials why isn't that relevant to his insistence it wasn't trying to defraud anybody he was quite open about why doesn't that go to a state of mind fairly go to his state of mind well the openness with which he worked does potentially to some extent go to a state of mind but like I said that that evidence was actually in front of the jury they did know that it was open that he worked openly because they saw the photographs and they heard the testimony that indicated that he was working with others there was no evidence in the record that he was hiding the attempts to work and appellant made the closing argument to the jury the final pitch to say look because he was working so openly that undermines any assertion by the government that he had the requisite mens rea that was simply rejected by the jury and that's a jury determination needs to be made and and there's substantial evidence here to support the jury's ultimate verdict and therefore it should be affirmed so the fact that he was open with government officials you're saying that would just really be cute and in a sense of just be cute right that because he was already quite open in other ways yes I think it would but also the further you stray away from just his openness with working and start to point the finger at whether it's being done explicitly or implicitly point the finger at other actors and what their obligations were that becomes problematic and then you not only have the question of relevance but you have the question of potentially confusing the jury which is another consideration for the motion and lemonade as well but it's not a reasonable argument you're saying from the defendants perspective that if everyone thought that what he was doing was okay that that doesn't go to his mens rea that I mean that's what his position is every everyone who had a duty including himself if they thought it was wrong then it specifically meant that he felt I mean he could reasonably argue that he thought that what he was doing was okay yes that's his argument but that's undermined by a number of factors particularly the fact that he does have substantial experience in representing others with similar claims and he received warnings again and again in these 1032 forms where he indicated that he wasn't working when he was working there were explicit indications that he needed to be truthful with his answers because that's clearly the government's evidence but but he was his beef with what's going on is that the court prevented him from introducing his evidence to rebut everything that you just said yes that's his argument but as to the obligations of any other individuals that simply is not relevant to whether he had the requisite intent at the time of filling out the 1032 forms but even if it does have some marginal relevance and that is outweighed by the potential to confuse the jury this was already a 13-day trial and to introduce additional evidence as to that at best ancillary point would have just further confused the issues and would have introduced evidences to the potential obligations of the victim essentially and that is not an element of the charge and therefore would have served just to be a distraction from the crucial issue just to follow up on judge Thompson's point I mean if there was evidence that they had an obligation to report their awareness that he was doing this work report that to the people who would make a decision on his claim and they were not doing that why why wouldn't allow the argument well if they weren't doing it it must be okay and so I guess I have no I don't have to report this information because it appears to be of no concern and no relevance to my claim what why wouldn't that add to his argument that he wasn't trying to deceive anybody and he wasn't knowingly making any false statements nobody seemed to care about well it even if it does have some marginal relevance it would be outweighed by the potential to confuse the jury but I don't know how he would even know whether the individuals he was working with if they even did have an obligation how he would know that they have complied or haven't complied with that obligation but again the instructions and the warnings and the documents that he filled out are clear and are explicit and so whether other individuals are also doing what they need to do is simply not directly relevant to the issue at trial well we understand we understand it may not be elements of the offense from a prosecutor's perspective but it certainly is evidence from the defense theory because he's once again saying he didn't have the necessary mens rea correct I think there's there is no it doesn't have a direct relevance though to whether when he's filling out the form saying no I'm not working when he is actually working whether he had whether he did so intentionally but even if it did have some marginal relevance even if the court did find that it still had the on that this is a discretionary ruling by the judge so so long as a reasonable mind could agree it's entitled to affirmance and even taking it one step further if the court was to find that this was error it would be harmless error because there is a substantial amount of evidence to support the jury's no thank you thank you if you could mute mr. Gonzalez yes I think that the issue whether it was marginal or not is it's up there besides the fact that we could not present the evidence in the record there is multiple cross examinations of the government experts and witnesses that we were not able to carry out the court rule that there would be a violation of their in limited motion that prevented the jury from receiving the information that we wanted from their experts or their witnesses to be able to make the determination that there was no intent that there was no knowledge that give us an example of the cross-examination that was barred in adjuster weakens which was one of the witnesses that they presented when we started asking about the the obligation no let's go to Madeline Cortez she stated anybody that has knowledge has to pass it on it's their obligation in mr. weakens cross-examination we made a violation of the limited motion we went to the sidebar argued it and the judge said it's a violation of the limited motion I don't remember the question right now I know that we went to sidebar and the judge ruled it was a violation of the limited and we were not able to ask the question at that moment we end the cross because that was what we were going with it hoping the judge would allow it and he did not note also that in the continuing evaluation that he was that was performed by the undercover agent which was before his arrest mr. Ricardo Rivera openly stated that what he was doing and how he was doing it and when he was asked about the specific answers to this 1032 form the agent did not tell him that answering no was a mistake that he needed to answer yes and then explain and that happened that same answer goes to exhibits 2022 and 28 from the government where in state said that volunteer work had he said no I didn't do any volunteer work because I didn't get paid for it and instead of corrected him and say no you have to report volunteer work even if you don't get paid for it the agent that was performing the undercover work said what put that there and let it go and never explained to him that even volunteer work that he was not getting paid for the government says look there was ample evidence that he was doing this work openly and he relied upon that evidence and arguing to the jury that since he was so open about it he did not have the requisite state in mind so how do you I think in effect they're arguing that if there was a error it was harmless or perhaps are also arguing you were able to maybe not as much as you would have liked but you were able to pose this offense to the jury so really the judge did not abuse his discretion in circumscribing the evidence how do you respond to that that the jury never got our side of the story as a they could have and should have received it because we were hand-tied with the judges ruling as to the issue of intent and knowledge and materiality all of which are central to the elements of this case and if we cannot be at the same bar with the government it gives him a very unfair advantage in this trial we did not call witnesses because we could not present the issue we could not call his code of his co-workers to be able to show that he was being open and he requested jobs before or we're not council if I'd like to just follow up on that very briefly but but you said earlier that you proffered no evidence that would tend to show that OWCP got the true facts in front of them so all they have are the forms that he filled out so as to OWCP I don't quite see how that evidence could have helped you again your honor my our point is that you don't you don't see it because it was never presented because the judge prevented us from presenting it but you said I didn't you said you didn't have any evidence that OWCP ever did get the true facts all I know all they have is we don't have yes sir no go ahead all we have is the knowledge that Ricardo Rivera openly talked to the supervisors about the cases he was handling and that the said they have an obligation to tell us to which they failed to again this is not passing the buck I'm just saying that by almost by proxy based on Madeline Cortez testimony the knowledge of the supervisors may be knowledge by OWCP I don't know the other judges have any additional questions Thank You mr. Gonzalez thank you sir have a good day thank you that concludes the argument in this case attorney Gonzalez and attorney Coleman you should disconnect the from the hearing at this time